# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10677
CONSOLIDATED WITH
No. 24-10589
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA SUTHERLAND,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:14-CR-111-2, 3:22-CR-159-1

---

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In this consolidated appeal, Joshua Sutherland appeals his conviction for possession of a firearm by a convicted felon, asserting that 18 U.S.C. § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10677
c/w No. 24-10589

concedes that his argument is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), and presents the issue on appeal to preserve it for further review.

Sutherland also appeals the district court's judgment revoking his supervised release and sentencing him to 17 months of imprisonment. He challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates revocation of supervised release and a term of imprisonment for any offender who violates specified conditions of supervised release, including possession of a firearm. Relying on *United States v. Haymond*, 588 U.S. 634 (2019), Sutherland contends that § 3583(g) is unconstitutional because it requires revocation of a term of supervised release and imposition of a term of imprisonment without affording the defendant the constitutionally guaranteed right to a jury trial and proof beyond a reasonable doubt. He concedes that this argument is foreclosed by *United States v. Garner*, 969 F.3d 550, 551-53 (5th Cir. 2020), and presents the issue to preserve it for further review.

The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. The Government correctly agrees that Sutherland's challenge to § 922(g)(1) is foreclosed by *Diaz*, and that his challenge to § 3583(g) is foreclosed by *Garner*. *See Diaz*, 116 F.4th at 471-72; *Garner*, 969 F.3d at 551-53.

Because Sutherland's sole arguments on appeal are foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgments are AFFIRMED.